# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **PAULA J. SHAW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | Magistrate Judge |
| **TENNESSEE DEPARTMENT OF** | ) | |
| **TRANSPORTATION and KENNETH** | ) | Jury Demand |
| **JOSEPH CARPENTER, JR., in his** | ) | |
| **official capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

For her Complaint against Defendants Tennessee Department of Transportation (TDOT) and Kenneth Joseph Carpenter, Jr., in his official capacity, Plaintiff Paula J. Shaw states:

### PARTIES

1. Plaintiff Shaw is a citizen and resident of Nashville, Tennessee, and a former employee of Defendants.

2. Defendant TDOT is a Tennessee state governmental entity. Defendant Carpenter is the former Assistant Commissioner of TDOT and was Ms. Shaw's supervisor. Defendants may be served with process through the Tennessee Attorney General and Reporter, Robert E. Cooper, Jr., 425 Fifth Avenue, North, Nashville, Tennessee 37243.

### JURISDICTION AND VENUE

3. Ms. Shaw brings this action for declaratory relief, prospective injunctive relief, equitable relief, and damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII), the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* (FMLA), and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* (RA). The Court

has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4). Venue is proper under 28 U.S.C. § 1391.

4. Ms. Shaw has met all conditions precedent to the filing of this complaint. She timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) as to her Title VII claims on or about April 6, 2011. The EEOC mailed Ms. Shaw a notice of suit rights on February 15, 2012.

**FACTS**

5. Ms. Shaw was employed by the State of Tennessee for over 21 years until she was discharged from her last job as a Transportation Coordinator with TDOT on March 8, 2011.

6. Ms. Shaw was qualified for her job with TDOT and performed her duties in an excellent manner.

7. Beginning in or about July 2010, Ms. Shaw engaged in activity protected by Title VII when she reported and opposed race and gender discrimination and a race- and sex-based hostile work environment within TDOT's Multimodal Transportation Resources Division, in which she worked as a Coordinator and/or Director. The race and gender discrimination creating a hostile work environment had been reported to Ms. Shaw by managers and employees working under her. Ms. Shaw further participated in an investigation of a male employee's allegations of race discrimination. She reported her and other employees' concerns of race and gender discrimination to TDOT's Human Resources and Civil Rights Divisions and to her supervisor, Defendant Carpenter, and other supervisors or Directors, both orally and in writing.

8. Ms. Shaw repeatedly requested an investigation of and a response to her complaints. Defendants failed and refused to investigate and respond to her and other employees' complaints of race and gender discrimination.

2

Case 3:12-cv-00247   Document 1   Filed 03/07/12   Page 2 of 7 PageID #: 2

9. Following her complaints of discrimination, Ms. Shaw was told to "leave it alone" and harassed about requesting an investigation and a response. Defendants subjected her to severe and pervasive retaliatory harassment and conduct that would deter a reasonable employee in her position from making or supporting a charge of discrimination. In December 2010, Defendants demoted Ms. Shaw and substantially reduced her compensation. Defendants removed Ms. Shaw from her office, isolated her, stripped her of responsibilities, and subjected her to increased scrutiny, all in an attempt to force her to quit.

10. Ultimately, on March 8, 2011, Defendants discharged Ms. Shaw without giving her a reason and with no notice, warning or discipline in accordance with TDOT's progressive discipline policies and procedures.

11. Defendants retaliated against Ms. Shaw for reporting and opposing race and gender discrimination and for participating in an investigation of alleged race discrimination, in violation of Title VII.

12. Due to the severe and pervasive, continuous retaliatory conduct and adverse employment actions to which Defendants subjected her, Ms. Shaw suffered severe depression and anxiety that necessitated psychotherapy and treatment. Consequently, she contacted TDOT's Employee Assistance Program, saw healthcare providers, and requested medical leave as a reasonable accommodation in January 2011.

13. Defendants are covered employers under the FMLA. Ms. Shaw was eligible for and entitled to FMLA leave as of January 2011.

14. Ms. Shaw requested medical leave from Defendants for a serious health condition in January 2011.

15. Defendants failed and refused to provide Ms. Shaw the required notices of her rights to leave and to job restoration under the FMLA. Defendants interfered with Ms. Shaw's FMLA rights and she lost benefits and protections afforded by the FMLA as a result.

16. Defendants discharged Ms. Shaw on March 8, 2011, while she was on medical leave.

17. Defendant Carpenter made the recommendation and decision that Ms. Shaw be discharged and/or substantially participated in and caused her discharge.

18. Defendants failed and refused to restore Ms. Shaw to the job position that she held before she exercised FMLA leave, or to an equivalent position, in violation of the FMLA and its notice requirements, the United States Department of Labor's regulations implementing the FMLA, and TDOT policies, procedures, customs and practices.

19. Defendants interfered with Ms. Shaw's FMLA rights and retaliated against her for opposing such interference and/or for exercising her FMLA rights and taking medical leave, in violation of the FMLA.

20. Ms. Shaw was disabled within the meaning of the RA. She had an impairment that substantially limited her in one or more major life activities or Defendants regarded her as having, or she had a record of having, an impairment.

21. Ms. Shaw was otherwise qualified to perform the essential functions of her job with TDOT, with or without reasonable accommodation.

22. Defendants failed and refused to reasonably accommodate Ms. Shaw's disability by discharging her while she was on medical leave, in violation of the RA. Defendants further failed to engage in a good-faith interactive process with Ms. Shaw designed to identify reasonable accommodations before discharging her.

23. Defendants retaliated against Ms. Shaw for requesting reasonable accommodation in the form of medical leave, for exercising medical leave and/or for opposing disability discrimination, including but not limited to Defendants' failure to reasonably accommodate her.

24. Defendants replaced Ms. Shaw with one or more individuals who were not disabled or, alternatively, her position remained open or she was treated differently and less favorably than similarly situated, non-disabled individuals who had not requested reasonable accommodation or medical leave.

25. Defendants discharged Ms. Shaw because of a disability, because she requested reasonable accommodation and exercised medical leave, and/or because she opposed disability discrimination, in violation of the RA.

26. In engaging in the conduct described in this complaint, Defendants acted willfully and with malice or reckless indifference to Ms. Shaw's federally protected rights.

27. As a result of the conduct described in this complaint, Ms. Shaw has lost income and other privileges and benefits of employment and incurred medical expenses she otherwise would not have incurred; suffered embarrassment, humiliation, emotional distress and mental anguish, stress and anxiety, exacerbation of her medical condition, damage to her reputation, inconvenience, and loss of enjoyment of life; and incurred attorneys' fees, costs and litigation expenses.

## CLAIMS

### Count I Against Defendant TDOT
### Violation of Title VII

28. Defendants retaliated against Ms. Shaw in violation of Title VII, and Defendant TDOT is liable under Title VII.

29. As a result of Defendants' violations of Title VII, Ms. Shaw suffered damages that are recoverable from Defendant TDOT.

### Count II Against Defendant Carpenter
### Violation of FMLA

30. Defendants interfered with Ms. Shaw's exercise of FMLA rights and retaliated against her for opposing such conduct and/or for exercising FMLA rights, and Defendant Carpenter is liable in his official capacity for prospective injunctive relief, including but not limited to reinstatement or, alternatively, equitable relief, and attorneys' fees and costs pursuant to *Ex parte Young*, 209 U.S. 123 (1908) and its progeny, and for the willful and malicious conduct averred herein.

### Count III Against Defendant TDOT
### Violation of Rehabilitation Act

31. Defendants discriminated against Ms. Shaw because of a disability and/or failed to reasonably accommodate her in violation of the RA, and Defendant TDOT is liable under the RA.

32. Defendants retaliated against Ms. Shaw for requesting reasonable accommodation and exercising medical leave and/or for opposing disability discrimination, including but not limited to Defendants' failure to reasonably accommodate her, in violation of the RA, and Defendant TDOT is liable under the RA.

33. As a result of Defendants' violations of the RA, Ms. Shaw suffered damages that are recoverable from Defendant TDOT.

### RELIEF REQUESTED

Ms. Shaw respectfully requests:

1. That the Court declare that Defendants violated Title VII, the FMLA, and the RA and permanently enjoin them from violating Ms. Shaw's rights or award her other equitable relief;

2. That the Court order reinstatement of Ms. Shaw to her position or an equivalent one with the same pay and benefits and appropriate expunging of her personnel file or, alternatively, award her other appropriate equitable relief;

3. A jury trial and entry of judgment in her favor;

4. Back pay under the Title VII and the RA;

5. Compensatory damages under Title VII and the RA;

6. Reinstatement or, alternatively, an award of front pay and/or other appropriate equitable relief;

7. Punitive and/or liquidated damages;

8. Attorneys' fees, costs and expenses;

9. Prejudgment interest and, if applicable, post-judgment interest; and

10. Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which she may be entitled.

Respectfully submitted,

Douglas B. Janney III (BPR No. 19112)
2002 Richard Jones Road
Suite B-200
Nashville, Tennessee 37215
(615) 742-5900

Attorney for Plaintiff