UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PAULA J. SHAW,                  )
                                )
     Plaintiff,                 )
                                )
          v.                    )   NO. 3:12-0247
                                )
TENNESSEE DEPARTMENT OF         )   Judge Haynes/Bryant
TRANSPORTATION, et al.,         )   Jury Demand
                                )
     Defendants.                )

TO: The Honorable William J. Haynes, Jr.

### REPORT AND RECOMMENDATION

Defendants have filed their motion to dismiss plaintiff's claims under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.* for lack of subject-matter jurisdiction (Docket Entry No. 6). Plaintiff has filed a response in opposition (Docket Entry No. 8).

For the reasons stated below, the undersigned Magistrate Judge recommends that defendants' motion to dismiss be granted in part and denied in part.

### Statement of the Case

Plaintiff Paula J. Shaw has filed this action against the Tennessee Department of Transportation and defendant Kenneth Joseph Carpenter, Jr., in his official capacity as the former Assistant Commissioner of TDOT. Plaintiff asserts claims for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, together with violations of the Family and Medical Leave Act of 1993 and the Rehabilitation Act of 1973 (Docket Entry No. 1).

Defendants' present motion to dismiss relates only to plaintiff's claims under the FMLA.

## **Analysis**

Defendants in their motion make two arguments. First, they argue that defendant Carpenter is sued only in his official capacity and, therefore, that this claim is the equivalent of a suit against the state of Tennessee. See Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994). Second, defendants argue that plaintiff's claims against the state of Tennessee are barred by the sovereign immunity provision in the Eleventh Amendment to the U.S. Constitution. Therefore, defendants maintain, this Court lacks jurisdiction to adjudicate plaintiff's claims under the FMLA (Docket Entry No. 7).

In response, plaintiff points out that her only claim under the FMLA is against defendant Carpenter, and that she seeks "prospective injunctive relief, including but not limited to reinstatement or, alternatively, equitable relief, and attorneys' fees and costs" (Docket Entry No. 1 at 6).

The Sixth Circuit has held that sovereign immunity for states contained in the Eleventh Amendment does not apply if the lawsuit is filed against a state official for purely injunctive relief. Ernst v. Rising, 427 F.3d 351, 358-59 (6th Cir. 2005) (citing Ex parte Young, 209 U.S. 123, 155-56 (1908)).

From a review of the foregoing authorities, the undersigned Magistrate Judge finds that defendants' motion to dismiss should be **granted** to the extent that plaintiff seeks monetary damages against defendants under the FMLA, but should be **denied** to the extent that plaintiff seeks injunctive relief, including but not limited to reinstatement or equitable relief, attorney's fees and costs.[1]

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** to the extent that plaintiff seeks monetary damages under the FMLA, but should be **DENIED** with respect to plaintiff's other claims.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can

---

[1] At the initial case management conference on May 8, 2012, counsel for defendants stated by way of clarification that defendants' motion to dismiss was intended to apply only to claims for monetary damages under the FMLA. Counsel conceded that present law permits plaintiff to pursue claims for injunctive or equitable relief.

constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'q</u> <u>denied</u>, 474 U.S. 1111 (1986).

      **ENTERED** this 8th day of May 2012.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge
